# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY HARRIS, MARTHA MORRISSETTE, and JOYCE ARNOLD,** | ) ) ) ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **1:15-cv-00607-WS-C** |
| | ) | |
| **JMC STEEL GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant JMC Steel Group, Inc. ("JMC Steel") submits the following Brief in Support of Unopposed Motion for Partial Summary Judgment:

## I.  INTRODUCTION AND STATEMENT OF STIPULATED, UNDISPUTED MATERIAL FACTS[1]

1.  Plaintiff Bobby Harris initiated this action under the Fair Labor Standards Act of 1938, as amended ("FLSA"), on November 24, 2015. (See Doc. 1). Mr. Harris, and Plaintiffs Martha Morrissette and Joyce Arnold (collectively, "Plaintiffs") submitted an Amended Complaint on December 10, 2015. (Doc. 5). Plaintiffs sought collective treatment in this matter pursuant to 29 U.S.C. § 216(b). (See id.)

---

[1] See Local Rule 56(e) ("Parties are encouraged to stipulate to facts. Facts so stipulated do not require references to evidentiary support."). Notwithstanding Local Rule 56(e), JMC Steel has submitted evidentiary materials in support of its motion.

2.     On March 9, 2016, Plaintiffs filed a Motion to Facilitate Court-Approved Notice Under 29 U.S.C. § 216(b) (Doc. 26) and Brief in Support of Motion for Conditional Class Certification and to Facilitate Court-Approved Notice Under 29 U.S.C. § 216(b) (Doc. 27).

3.     JMC Steel submitted a response to Plaintiffs' motion on April 11, 2016, indicating that it did not oppose the Court's grant of conditional certification in this matter. (See Doc. 37).

4.     The parties then submitted a Joint Proposed Notice of Right to Opt-in to Lawsuit for the Court's review and consideration. (Doc. 41). The proposed notice identified the relevant period for this action as January 1, 2014 to the present. (See Doc. 41-1). The proposed notice also defined the potential opt-in pool as those non-exempt, hourly employees who worked for JMC Steel "for one week or more between the time frame of January 1, 2014, through the present." (Id.)

5.     Thereafter, on April 25, 2016, the Court entered an Order granting Plaintiffs' motion for conditional certification. (Doc. 42). The Court's Order adopted the proposed opt-in pool as consisting of "All present and former hourly paid employees of JMC Steel Group, Inc. . . . who worked over forty hours in one or more work weeks from January 1, 2014, to the present." (Id.)

6.     Both before and after the Court granted Plaintiffs' motion for conditional certification, Plaintiffs filed numerous Notices of Filing Consent Forms

for opt-in plaintiffs. (See Docs. 7-8, 10, 15-16, 19, 21-22, 24-25, 31, 44, 46-47, 50-53).

7.      The 31 Opt-In Plaintiffs referenced herein were listed in Plaintiffs' first, second, third, fourth, and seventh notices.[2]

8.      Of those 31 Opt-In Plaintiffs, 25 fell outside the relevant, temporal scope of this matter, as agreed-upon by the parties and per the Court's April 25, 2016 Order, because they were terminated and/or they separated from their employment at JMC Steel prior to January 1, 2014 or, in the case of Debra B. Thomas, did not work 40 hours after January 1, 2014. (See Docs. 41-42). These Opt-In Plaintiffs include (termination/separation dates from JMC Steel in parenthesis): Freddie L. Andrews (12-8-12), Michael Dale Barnwell (9-24-13),

---

[2] The following Opt-In Plaintiffs were listed in Plaintiffs' December 23, 2015 First Notice of Filing Consent Forms: Eddie Adams, Freddie L. Andrews, Michael Dale Barnwell, Anthony G. Bettis, Joseph Boykins, Max D. Bryant, Keithen Campbell, Renada Coston, Travis Cowan, Demarious K. Dock, Kenric Dotson, Andrew Ezell, John E. Hudson, Shante Hunt, Barry Hurd, James Gates, Minnie L. Kimbrough, Joshua Keith Knight, Damien McCaskey, Angela Scott, Frederick Steele, John Derrick Sullivan, Jarrett Taylor, Debra B. Thomas, and Ivory J. Williams. (See Doc. 7).

The following Opt-In Plaintiffs were listed in Plaintiffs' January 7, 2016 Second Notice of Filing Consent Forms: Timothy Bates and Joe H. Martin, Jr. (See Doc. 8).

The following Opt-In Plaintiffs were listed in Plaintiffs' January 12, 2016 Third Notice of Filing Consent Forms: Brooks M. Jackson and Brooks Jackson, Jr. (See Doc. 10). Brooks M. Jackson and Brooks Jackson, Jr. are believed to be the same person. JMC Steel has only one record of a "Brooks Jackson" who was ever employed at JMC Steel. (Tab A at ¶ 6.)

The following Opt-In Plaintiff was listed in Plaintiffs' January 14, 2016 Fourth Notice of Filing Consent Forms: Anthony Lett. (See Doc. 15).

The following Opt-In Plaintiff was listed in Plaintiffs' February 2, 2016 Seventh Notice of Filing Consent Forms: Gerald Jerome Huff. (See Doc. 21).

Timothy Bates (11-2-13), Anthony G. Bettis (1-2-13), Joseph Boykins (12-8-12), Max D. Bryant (8-3-12), Keithen Campbell (6-11-13), Renada Coston (10-12-13), Travis Cowan (6-25-13), Kenric Dotson (9-16-13), Andrew Ezell (7-8-13), John E. Hudson (2-1-13), Shante Hunt (12-26-13), James Gates (1-2-13), Brooks M. Jackson (3-9-12), Brooks Jackson, Jr. (3-9-12), Minnie L. Kimbrough (11-10-12), Anthony Lett (7-21-13), Joe H. Martin, Jr. (6-18-13), Angela Scott (11-10-12), Frederick Steele (6-3-13), John Derrick Sullivan (8-27-13), Jarrett Taylor (2-22-13), Debra B. Thomas (1-2-14), and Ivory J. Williams (5-18-12). (See Tab A, Buchanan Decl. ¶¶ 3-5.)

9.     The foregoing 25 Opt-In Plaintiffs have provided no documentary evidence to dispute that they fall outside of the relevant, temporal scope of this matter.[3]

10.    Three Opt-In Plaintiffs have filed bankruptcy petitions under Chapter 7 of the United States Bankruptcy Code: Eddie Adams, Gerald Jerome Huff, and Joshua Keith Knight. (See Tabs B-D, Bankruptcy Petitions and Docket Entries for Eddie Adams, Gerald Jerome Huff, and Joshua Keith Knight.)[4]

---

[3] Plaintiffs' counsel sent letters to these individuals seeking documentary support of employment within the relevant time period in this action.

[4] Counsel for JMC Steel has collectively gathered bankruptcy-related documents from the CM-ECF online filing system for Mr. Adams, Mr. Huff, and Mr. Knight. See In re Eddie Floyd Adams, in the United States Bankruptcy Court for the Southern District of Alabama, Petition #: 16-02216; In re Gerald J. Huff, in the United States Bankruptcy Court for the Southern District of Alabama, Petition #: 15-03447; and In re Joshua K. Knight, in the United States Bankruptcy

11.     Eddie Adams' last day worked with JMC Steel was February 24, 2015, and his last paycheck from JMC Steel was dated March 6, 2015. (See Tab A at ¶ 9.) Mr. Adams was listed in Plaintiffs' First Notice of Opt-Ins, dated December 23, 2015. (See Doc. 7). He filed a Chapter 7 bankruptcy petition on July 5, 2016 with the United States Bankruptcy Court for the Southern District of Alabama, which was discharged on October 21, 2016. (See Tab B.) Mr. Adams did not disclose his FLSA claim against JMC Steel on his bankruptcy schedules. (Id.)

12.     Gerald Jerome Huff's last day worked with JMC Steel was March 20, 2015, and his last paycheck from JMC Steel was dated March 27, 2015. (See Tab A at ¶ 10.) Mr. Huff was listed in Plaintiffs' Seventh Notice of Opt-Ins, dated February 2, 2016. (See Doc. 21). He filed a Chapter 7 bankruptcy petition on October 19, 2015 with the United States Bankruptcy Court for the Southern District of Alabama, which is still active. (See Tab C.) Mr. Huff has not disclosed his FLSA claim against JMC Steel on his bankruptcy schedules. (Id.)

13.     Joshua Keith Knight's last day worked with JMC Steel was March 5, 2015, and his last paycheck from JMC Steel was dated March 20, 2015. (See Tab A at ¶ 11.) Mr. Knight was listed in Plaintiffs' First Notice of Opt-Ins, dated December 23, 2015. (See Doc. 7). He filed a Chapter 7 bankruptcy petition on May

---

Court for the Southern District of Alabama, Petition #: 16-01411. The Court may take judicial notice of these materials. See In re Steeley, 243 B.R. 421, 428 n.10 (Bankr. N.D. Ala. 1999) (noting that a "Court may take judicial notice" of its owns records or public records of other courts).

2, 2016 with the United States Bankruptcy Court for the Southern District of Alabama, which was discharged on August 8, 2016. (See Tab D.) Mr. Huff did not disclose his FLSA claim against JMC Steel on his bankruptcy schedules. (Id.)

14.     Two Opt-In Plaintiffs did not work for JMC Steel, and JMC Steel has no record of their employment: Demarious K. Dock and Damien McCaskey. (See Tab A at ¶ 8.)

15.     One Opt-in Plaintiff did not work any hours during the relevant time period of January 1, 2014 to the present: Barry Hurd. (See Tab A at ¶ 7.)

16.     The Court should grant partial summary judgment in favor of JMC Steel and dismiss the foregoing 31 Opt-In Plaintiffs. Counsel for JMC Steel has discussed this motion with Plaintiffs' counsel, who has indicated Plaintiffs do not oppose the filing of this motion or the relief requested herein.[5]

## II.     ARGUMENT

The foregoing Opt-In Plaintiffs are subject to dismissal from this action on various grounds: (1) 25 Opt-In Plaintiffs fall outside the relevant, temporal scope of this matter, as agreed-upon by the parties and as established by the Court, (2) Three Opt-In Plaintiffs did not or do not have standing to assert their claims because they filed Chapter 7 bankruptcy petitions and/or are judicially estopped

---

[5] Counsel for the parties have reached a resolution in this matter, and the Parties have notified the Court of this settlement. The parties' settlement negotiations included discussions pertaining to the 31 Opt-In Plaintiffs referenced herein, and the monetary settlement reached by the parties does not include those 31 Opt-In Plaintiffs.

6

from asserting these claims because of their failure to disclose their pending Chapter 7 bankruptcies to the bankruptcy court, (3) Two Opt-In Plaintiffs did not work for JMC Steel, and (4) One Opt-In Plaintiff did not work any hours within the relevant, temporal scope of this matter.

### A.     The Court should dismiss 25 Opt-In Plaintiffs because they fall outside the relevant, temporal scope of this action.

The parties agreed on the following temporal scope and opt-in pool in this matter as non-exempt, hourly-paid employees of JMC Steel who worked "for one week or more between the time frame of January 1, 2014, through the present." (See Doc. 41-1). The Court's April 25, 2016 Order adopted the opt-in pool proposed by the parties: "All present and former hourly paid employees of JMC Steel Group, Inc. . . . who worked over forty hours in one or more work weeks from January 1, 2014, to the present." (See Doc. 42).

Twenty-five Opt-In Plaintiffs submitted opt-in consent forms, despite falling outside of the scope of this action. Specifically, these 25 Opt-In Plaintiffs were terminated/separated from JMC Steel prior to January 1, 2014 and/or they did not work at least "forty hours in one or more work weeks from January 1, 2014, to the present." (Id.) These Opt-In Plaintiffs include (termination/separation dates from JMC Steel in parenthesis): Freddie L. Andrews (12-8-12), Michael Dale Barnwell (9-24-13), Timothy Bates (11-2-13), Anthony G. Bettis (1-2-13), Joseph Boykins (12-8-12), Max D. Bryant (8-3-12), Keithen Campbell (6-11-13), Renada Coston

(10-12-13), Travis Cowan (6-25-13), Kenric Dotson (9-16-13), Andrew Ezell (7-8-13), John E. Hudson (2-1-13), Shante Hunt (12-26-13), James Gates (1-2-13), Brooks M. Jackson (3-9-12), Brooks Jackson, Jr. (3-9-12), Minnie L. Kimbrough (11-10-12), Anthony Lett (7-21-13), Joe H. Martin, Jr. (6-18-13), Angela Scott (11-10-12), Frederick Steele (6-3-13), John Derrick Sullivan (8-27-13), Jarrett Taylor (2-22-13), Debra B. Thomas (1-2-14), and Ivory J. Williams (5-18-12). (See Tab A at ¶¶ 3-5.)

The foregoing 25 Opt-In Plaintiffs fall outside the scope of this action and have not provided any documentary evidence supporting their inclusion in this matter. Thus, the Court should grant partial summary judgment in favor of JMC Steel and dismiss these 25 Opt-In Plaintiffs.

**B.**     **JMC Steel is entitled to summary judgment for three Opt-In Plaintiffs because they were or are Chapter 7 bankruptcy petitioners and do not have standing to assert their claims and/or their claims are barred by judicial estoppel.**

1.   The Chapter 7 bankruptcy Opt-In Plaintiffs do not have standing to pursue their claims in this matter.

Section 541 of the Bankruptcy Code makes all of a debtor's "legal and equitable interests" as of the commencement of the bankruptcy case property of the debtor's bankruptcy estate. 11 U.S.C. § 541 (a)(1). In the context of a Chapter 7 bankruptcy action, "a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it."

Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003). Hence, the bankruptcy trustee is the proper party with standing to pursue claims belonging to the bankruptcy estate. See Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). See also Knott v. Dollar Tree Stores, Inc., No. 7:06-cv-1553-LSC, 2010 WL 11469222, at *3 (N.D. Ala. July 20, 2010) (noting that if a plaintiff's FLSA claim accrues before he files for Chapter 7 bankruptcy, his interest in the claim belongs to the bankruptcy estate). "FLSA overtime wage claims accrue at the date of the payday for the pay period during which the plaintiff was noncompensated or undercompensated." Id. at *4.

Eddie Adams and Joshua Keith Knight filed their Chapter 7 bankruptcy petitions after submitting opt-in forms in this action. (See Tabs B, D.) Mr. Adams, Mr. Knight, and Gerald Jerome Huff filed their Chapter 7 bankruptcy petitions after the payday for the pay period where they were allegedly owed unpaid overtime wages or, in other words, after their FLSA claims accrued. (See Tab A at ¶¶ 9-11; Tabs B-D.) Thus, the FLSA claims of Eddie Adams, Gerald Jerome Huff, and Joshua Keith Knight arose prior to when each filed his bankruptcy petition. Therefore, their claims were property of their bankruptcy estates and must be prosecuted by their respective bankruptcy trustee. Because these three Opt-In Plaintiffs lack standing to bring their FLSA claims in this action, the Court should

grant partial summary judgment with respect to the claims of Mr. Adams, Mr. Huff, and Mr. Knight, and dismiss these three Opt-In Plaintiffs.

>    2.    The Chapter 7 bankruptcy Opt-In Plaintiffs are judicially estopped from pursuing their claims in this matter.

Moreover, JMC Steel is also entitled to partial summary judgment with respect to Eddie Adams, Gerald Jerome Huff, and Joshua Keith Knight under the doctrine of judicial estoppel. Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). Judicial estoppel applies when two factors are present: (1) the party's inconsistent position was "made under oath in a prior proceeding," and (2) the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id.

The three Opt-In Plaintiffs referenced above, Mr. Adams, Mr. Huff, and Mr. Knight, failed to disclose their FLSA claims against JMC Steel in their bankruptcy schedules submitted to the United States Bankruptcy Court for the Southern District of Alabama. (See Tabs B-D.) These Opt-In Plaintiffs had knowledge of their FLSA claims against JMC Steel, as they had to take the affirmative action of consenting to becoming opt-in plaintiffs in this action. (See Doc. 7, 21). "It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010). "It is

also undisputed that such an asset qualifies as property of the bankruptcy estate." Id. The failure of these three Opt-In Plaintiffs to disclose their pending lawsuit against JMC Steel, whether in their original or amended bankruptcy filings, constitutes an inconsistent position made under oath. See, e.g., Casanova v. Pre Solutions, Inc., 228 F. App'x 837, 841 (11th Cir. 2007).

The second prong of the two-part test for judicial estoppel is also met because these three Opt-In Plaintiffs' non-disclosure of their FLSA claims against JMC Steel made a "mockery of justice by inconsistent pleadings." Burnes, 291 F.3d at 1285. "While an estopped party's contradiction must be intentional, such intent may be inferred from the record." Robinson, 595 F.3d at 1275. A debtor's failure to disclose claims can be construed as unintentional only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Burnes, 291 F.3d at 1287. Here, the three Opt-In Plaintiffs that intentionally failed to disclose their pending FLSA claims to the bankruptcy court clearly had a motive for concealment. As set forth above, these three Opt-In Plaintiffs cannot claim they lacked knowledge of their FLSA claims because they affirmatively opted into this action by filing their consent forms. Because the three Opt-In Plaintiffs knew about the undisclosed claims and stood to benefit financially at their creditors' expense by concealing them, the Court may infer from the record their intent to make a mockery of the judicial system. See

11

Robinson, 595 F.3d at 1275 (affirming district court's reasoning that plaintiff had a motive to conceal claims because if she received monetary proceeds from the suit prior to the discharge of her bankruptcy, she could keep those proceeds rather than repaying creditors).

The FLSA claims of Eddie Adams, Gerald Jerome Huff, and Joshua Keith Knight are barred by judicial estoppel. The Court should grant partial summary judgment in favor of JMC Steel and dismiss these individuals accordingly.

### C. The claims of two Opt-In Plaintiffs fail as a matter of law because those individuals were never employed by JMC Steel.

As previously stated, the Court's April 25, 2016 Order defined the scope of this action: "All present and former hourly paid employees of JMC Steel Group, Inc. . . . who worked over forty hours in one or more work weeks from January 1, 2014, to the present." (See Doc. 42). Two Opt-In Plaintiffs, Demarious K. Dock and Damien McCaskey, not only fall outside of this scope, they also did not work for JMC Steel at all. Specifically, JMC Steel has no record of their employment. (See Tab A at ¶ 8.) Because Mr. Dock and Mr. McCaskey were not employed by JMC Steel, the Court should grant partial summary judgment in favor of JMC Steel and dismiss these two Opt-In Plaintiffs.

**D.    The Court should dismiss one Opt-In Plaintiff because he did not work any hours within the relevant, temporal scope of this action.**

Similar to the 25 Opt-In Plaintiffs discussed in Section II.A and the two Opt-In Plaintiffs discussed in Section II.C, one Opt-in Plaintiff, Barry Hurd, did not work any hours during the relevant time period of January 1, 2014 to the present. (See Tab A at ¶ 7.) Because Mr. Hurd falls outside of the scope of this matter, see Doc. 42, the Court should grant partial summary judgment in favor of JMC Steel with respect to Mr. Hurd and dismiss him from this action.

**III.    CONCLUSION**

Based on the foregoing, JMC Steel respectfully requests the Court enter an order granting partial summary judgment in favor of JMC Steel and dismissing the 31 Opt-In Plaintiffs referenced herein, and providing such other and additional relief the Court deems appropriate.

Respectfully submitted,

/s/ M. Tae Phillips
J. Richard Carrigan (ASB-9760-R54J)
M. Tae Phillips (ASB-6565-W74P)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
richard.carrigan@ogletreedeakins.com
tae.phillips@ogletreedeakins.com

*Attorneys for JMC Steel Group, Inc.*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2017, I served a copy of the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to the following counsel of record:

David R. Arendall
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203

Allen D. Arnold
FONTENEAU & ARNOLD
2151 Highland Avenue South, Suite 110
Birmingham, Alabama 35205

/s/ M. Tae Phillips
Of Counsel

27828283.1