IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY HARRIS,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )  **CIVIL ACTION 15-0607-WS-C** |
| | ) |
| **JMC STEEL GROUP, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

On this date, defendant JMC Steel Group, Inc. filed its Unopposed Motion for Partial Summary Judgment (doc. 64) in this FLSA collective action.

Back on April 25, 2016, the undersigned entered an Order (doc. 42) conditionally certifying this case as an FLSA collective action, with court-facilitated notice to be provided to potential opt-in plaintiffs. The April 25 Order "conditionally certifie[d] a class consisting of all present and former hourly paid employees of JMC Steel Group, Inc., for EnergeX Tube Division in Thomasville, Alabama, who worked over forty hours in one or more work weeks from January 1, 2014, to the present." (Doc. 42, at 3.) It also prescribed certain requirements for notice to be given to potential opt-in plaintiffs, and fixed deadlines for the opt-in period and the concomitant filing of consent forms. By the parties' reckoning, a total conditional class of 267 people are now joined in this action as original or opt-in plaintiffs. (Doc. 54, at 1-2.) Each of these opt-in plaintiffs appears to have signed a "Consent to Become a Party Plaintiff" form agreeing that named plaintiffs and plaintiffs' counsel were authorized to act as the opt-in plaintiff's representatives in all aspects of this case, including prosecution of the action and potential settlement. (Doc. 41, Exh. 2.) Of note, the two-page preprinted form included a provision stating, "It is further understood that no dismissal or settlement of the claim(s) will be made without the consent of Client." (*Id.* at 2.)

In its Motion for Partial Summary Judgment, JMC Steel requests that this Court enter an order dismissing the claims of some 31 enumerated opt-in plaintiffs. As grounds for this Motion,

JMC Steel presents evidence and argument that 25 of those opt-in plaintiffs lie beyond the temporal scope of this matter because they separated from their employment at JMC Steel prior to the January 1, 2014 cutoff date for this collective action (or, in the case of one opt-in plaintiff, failed to work over 40 hours in one or more work weeks after January 1, 2014), as specified in the April 25 Order.  JMC Steel also shows that three opt-in plaintiffs have filed bankruptcy petitions without disclosing their FLSA claims against JMC Steel on the appropriate bankruptcy schedules, thereby barring their claims pursuant to the doctrine of judicial estoppel; that two opt-in plaintiffs were never employed by JMC Steel; and that one opt-in plaintiff did not work any hours during the relevant time period.  JMC Steel represents that plaintiffs' counsel has stipulated to all operative facts warranting dismissal of these 31 opt-in plaintiffs' claims and that plaintiffs' counsel "has indicated Plaintiffs do not oppose the filing of this motion or the relief requested herein."  (Doc. 65, at 6.)

Based on the information before the Court, defendant's Motion for Partial Summary Judgment appears to be properly presented and factually and legally supported.  The Court's only concern is with ensuring that the 31 opt-in plaintiffs have a reasonable, fair opportunity to be heard in opposition, if they so choose.  Although defendant's filings set forth plaintiffs' counsel's non-opposition to the Motion for Partial Summary Judgment, they do not indicate what steps plaintiffs' counsel took to notify the 31 opt-in plaintiffs of this development and whether the 31 affected individuals acquiesce to the proposed dismissal of their claims, or alternatively whether any of them wish to be heard in opposition to defendants' Motion.  Accordingly, and in an abundance of caution, it is **ordered** that plaintiffs' counsel file a response to the Motion for Partial Summary Judgment on or before **February 1, 2017**, identifying the notice provided to the 31 subject opt-in plaintiffs and clarifying whether any of those individuals wish to be heard before adjudication of such Motion.

DONE and ORDERED this 18th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE