IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY HARRIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0607-WS-C |
| ) | |
| JMC STEEL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Unopposed Motion for Partial Summary Judgment (doc. 64) in this FLSA collective action. Pursuant to an Order (doc. 67) dated January 18, 2017, plaintiffs' counsel filed a Response (doc. 68) detailing plaintiffs' position on the merits of the Motion, as well as counsel's efforts to notify the affected opt-in plaintiffs of the imminent dismissal of their claims and to afford them an opportunity to be heard. The Motion is now ripe for disposition.

**I.     Background.**

As set forth in the First Amended Complaint (doc. 5), plaintiffs Bobby Harris, Martha Morrissette and Joyce Arnold brought this action alleging that defendant, JMC Steel Group, Inc., failed to pay each of them overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). In particular, plaintiffs maintain that they were hourly, nonexempt employees of JMC Steel, and that they regularly worked over 40 hours per workweek. According to plaintiffs, JMC Steel required them to clock in 10 or more minutes before the beginning of their work shifts and to stay on the clock 10 or more minutes past the end of their shifts performing additional duties for the benefit of their employer. Despite this practice, plaintiffs allege, JMC Steel compensated them only for scheduled shift times, with no overtime pay for the pre-shift and post-shift time that they were required to remain on duty performing tasks for their employer.

From the outset, plaintiffs styled this case as an FLSA opt-in collective action and sought conditional certification pursuant to 29 U.S.C. § 216(b).  On April 25, 2016, the Court entered an Order (doc. 42) granting plaintiffs' unopposed request for conditional certification.  The April 25 Order "**conditionally certifie[d]** a class consisting of all present and former hourly paid employees of JMC Steel Group, Inc., for EnergeX Tube Division in Thomasville, Alabama, who worked over forty hours in one or more work weeks from January 1, 2014, to the present."  (Doc. 42, at 3.)  In connection with this conditional certification, approximately 250 opt-in plaintiffs have submitted signed consent forms to participate in this action.

Defendants now move for partial summary judgment seeking the dismissal of all claims brought by 31 opt-in plaintiffs.[1]  In their supporting brief, defendants represented that "Plaintiffs' counsel … has indicated Plaintiffs do not oppose the filing of this motion or the relief requested therein."  (Doc. 65, at 6.)[2]  For their part, plaintiffs filed a Response (doc. 68) confirming the following: (i) plaintiffs' counsel sent letters to 22 affected opt-in plaintiffs requesting documentation that those individuals worked for the company within the temporal parameters of the certified class, but none of them responded with evidence to that effect;[3] (ii) plaintiffs'

---

[1]   The 31 opt-in plaintiffs in question are identified as follows: Eddie Adams, Freddie L. Andrews, Michael Dale Barnwell, Timothy Bates, Anthony G. Bettis, Joseph Boykins, Max D. Bryant, Keithen Campbell, Renada Coston, Travis Cowan, Demarious K. Dock, Kenric Dotson, Andrew Ezell, John E. Hudson, Gerald Jerome Huff, Shante Hunt, Barry Hurd, James Gates, Brooks M. Jackson, Sr., Brooks Jackson, Jr., Minnie L. Kimbrough, Joshua Keith Knight, Anthony Lett, Joe H. Martin, Jr., Damien McCaskey, Angela Scott, Frederick Steele, John Derrick Sullivan, Jarrett Taylor, Debra B. Thomas and Ivory J. Williams.

[2]   Indeed, the Court understands that the parties have successfully negotiated a settlement of this action; however, the terms of that settlement exclude the 31 opt-in plaintiffs at issue in the Motion for Partial Summary Judgment.  (Doc. 65, at 6 n.5.)  In a separate Report Regarding Settlement filed on December 21, 2016, the parties collectively notified the Court as follows: "Pending the Court's ruling on Defendant's motion for summary judgment as to certain opt-in Plaintiffs, and a joint motion for settlement approval …, the parties have reached a tentative settlement of the claims."  (Doc. 63, ¶ 4.)  Thus, the Motion for Partial Summary Judgment appears to be an intermediate step in the settlement process.  If the undersigned were to grant the Motion and dismiss the claims of the 31 opt-ins, then the parties would proceed to file their joint motion for settlement approval as it pertains to the 200+ named and opt-in plaintiffs who remain.

[3]   Those opt-in plaintiffs included Andrews, Barnwell, Bates, Bettis, Boykins, Bryant, Campbell, Coston, Cowan, Dotson, Ezell, Gates, Hudson, Hunt, Jackson, Sr., (Continued)

counsel personally spoke with opt-in plaintiff Brooks Jackson, Sr., but he was unable to provide any documentation that he worked for JMC Steel at any time after January 1, 2014; (iii) plaintiffs' counsel personally spoke with opt-in plaintiff Brooks Jackson, Jr., who confirmed that he worked for the plant adjacent to JMC Steel and was paid by a company called "Tuboscope," not defendant; (iv) opt-in plaintiff Anthony Lett never returned plaintiffs' counsel's calls seeking documentation that he was employed by JMC Steel during the time period covered by the conditional certification order; (v) opt-in plaintiff Debra Thomas produced evidence of employment, but her documentation confirmed that she did not work for defendant but was instead employed by an entity called Lakeside Steel Alabama, Inc. (doc. 68, Exh. B); (vi) it is undisputed that opt-in plaintiffs Eddie Adams and Joshua Keith Knight consented to join this lawsuit, then filed for bankruptcy protection without identifying these FLSA claims on bankruptcy schedules; (vii) opt-in plaintiff Barry Hurd informed plaintiffs' counsel that he does not dispute that he did not work for JMC Steel at any time after January 1, 2014; (viii) plaintiffs' counsel's understanding is that opt-in plaintiff Demarious K. Dock worked at JMC Steel's facility during the relevant period, but was employed by a temporary staffing service, not by defendant; and (ix) plaintiffs' counsel's understanding is that opt-in plaintiff Damien McCaskey worked for a plant adjacent to JMC Steel and was paid by a company called "Tuboscope," not by defendant. (*See* doc. 68.)  For these reasons, plaintiffs' counsel does not oppose defendant's Rule 56 Motion, although they do request that several of the opt-in plaintiffs' claims be dismissed without prejudice, in the event they are able to produce evidence of viable, timely claims against JMC Steel in the future.

**II.     Analysis.**

In its Motion for Partial Summary Judgment, JMC Steel identifies four groups of opt-in plaintiffs as to whom it seeks dismissal, to-wit: (i) 24 opt-in plaintiffs who fall outside the temporal scope of the class definition; (ii) three opt-in plaintiffs who filed bankruptcy petitions

---

Kimbrough, Martin, Scott, Steele, Sullivan, Taylor and Williams.  The letters expressly cautioned these opt-in plaintiffs that, "If you do not have such proof, then I will so inform the lawyers for the company, who then are going to file a motion to ask that you be dismissed from the case.  I am sorry that I can do nothing about that.  You either fit within the definition of the class or you do not."  (Doc. 68, Exh. A.)

after their FLSA claims accrued, but never disclosed those claims in bankruptcy schedules; (iii) three opt-in plaintiffs who never were employed by JMC Steel; and (iv) one opt-in plaintiff who worked no hours within the class period. Each category will be addressed in turn.

### A. *Opt-In Plaintiffs Who Separated from Defendant Before January 1, 2014.*

With respect to the 24 opt-in plaintiffs, JMC Steel presents substantial evidence that each of them lies outside the temporal boundaries of the class definition. In particular, defendant presents the Declaration of Alexandra Buchanan, a Human Resources Manager for the entity formerly known as JMC Steel. Buchanan details the separation dates for the 24 subject opt-in plaintiffs and demonstrates via business records that (with one exception) they all predated January 1, 2014. (Buchanan Decl. (doc. 66, Exh. A), ¶ 5 & Exh. 1.)[4] The lone exception is opt-in plaintiff Thomas, whose separation date was January 2, 2014, just one day later. Because defendant's evidence is that Thomas never worked 40 hours in a work week for JMC Steel after January 1, 2014, she is properly considered in this category of opt-in plaintiffs outside the class definition. (*Id.*) Defendant's evidence relating to the separation dates of these 24 opt-in plaintiffs is unrebutted and unchallenged. In fact, plaintiffs' counsel acknowledges that after contacting or attempting to contact each of those individuals, counsel has obtained no documentation or other evidence supporting a conclusion that any of them worked more than 40 hours for JMC Steel in a work week after January 1, 2014, as necessary to fit within the judicially-defined class boundaries. On this showing, the Court readily finds that there are no genuine issues of material fact, and that all of these 24 opt-in plaintiffs are ineligible to participate in these FLSA collective action proceedings because their claims were brought

---

[4] In particular, the separation date from JMC Steel for each of these opt-in plaintiffs was as follows: Freddie L. Andrews, December 8, 2012; Michael Dale Barnwell, September 24, 2013; Timothy Bates, November 2, 2013; Anthony G. Bettis, January 2, 2013; Joseph Boykins, December 8, 2012; Max D. Bryant, August 3, 2012; Keithen Campbell, June 11, 2013; Renada Coston, October 12, 2013; Travis Cowan, June 25, 2013; Kenric Dotson, September 16, 2013; Andrew Ezell, July 8, 2013; John E. Hudson, February 1, 2013; Shante Hunt, December 26, 2013; James Gates, January 2, 2013; Brooks M. Jackson, Sr., March 9, 2012; Minnie L. Kimbrough, November 10, 2012; Anthony Lett, July 21, 2013; Joe H. Martin, Jr., June 18, 2013; Angela Scott, November 10, 2012; Frederick Steele, June 3, 2013; John Derrick Sullivan, August 27, 2013; Jarrett Taylor, February 22, 2013; Debra B. Thomas, January 2, 2014; and Ivory J. Williams, May 18, 2012. (Buchanan Decl., ¶ 5 & Exh. 1.)

outside the relevant class period.  Accordingly, defendant's Motion for Partial Summary Judgment is **granted** as to those opt-in plaintiffs.

### B. Opt-In Plaintiffs Subject to Judicial Estoppel.

The second category of opt-in plaintiffs as to whom JMC Steel seeks summary judgment are those who filed for bankruptcy after their FLSA claims accrued, yet failed to list such claims on the appropriate bankruptcy schedules.  Opt-in plaintiff Eddie Floyd Adams filed a Chapter 7 petition in Bankruptcy Court on July 5, 2016.  (Doc. 66, Exh. B, at 2.)  His signed "Consent to Become a Party Plaintiff" form was filed in this action more than six months earlier on December 23, 2015.  (Doc. 7.)  Far from disclosing his FLSA claims against JMC Steel in the bankruptcy schedules, Adams checked the "No" block when asked if he had "Claims against third parties" or "Other contingent and unliquidated claims of every nature."  (Doc. 66, Exh. B, at 25.)  Adams also checked the "No" block when asked in his schedules whether he had been a party in a lawsuit or court action within one year before filing for bankruptcy.  (*Id.* at 48.)  Similarly, opt-in plaintiff Gerald Jerome Huff had a pending Chapter 7 bankruptcy petition on February 2, 2016, when his consent form was filed in this action; however, he neither updated nor supplemented his bankruptcy schedules to disclose his claims against JMC Steel in this action.  (*See* docs. 21 & 66, Exh. C at 21 & 39.)  Finally, opt-in plaintiff Joshua Keith Knight filed a Chapter 7 petition in Bankruptcy Court on May 2, 2016, yet failed to disclose his FLSA claims against JMC Steel in his bankruptcy schedules, despite having signed a consent form filed in this action on December 23, 2015.  (*See* docs. 7 & 66, Exh. D at 21 & 39.)

As defendant correctly points out, these circumstances implicate equitable principles of judicial estoppel.  "The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment. … Specifically, judicial estoppel is designed to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding [*sic*]." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citations and internal quotation marks omitted).  Although judicial estoppel is a flexible rule, Circuit precedents identify "two primary factors for establishing the bar of judicial estoppel."  *Id.*  "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."  *Id.*

With respect to the first factor, the failure of Adams, Huff and Knight to identify their wage-related claims against JMC Steel in their signed, sworn bankruptcy schedules plainly amounts to the taking of inconsistent positions under oath in a prior proceeding. After all, "[a] debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets to the bankruptcy court." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006); *see also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) ("Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system.") (citation and internal quotation marks omitted). Moreover, "under the established law of this circuit, a [bankruptcy] debtor has a statutory duty to disclose changes in assets," and "a pending lawsuit seeking monetary compensation qualifies as an asset." *Robinson*, 595 F.3d at 1274. "Because there is no question that [Adams, Huff and Knight] failed to assert [their FLSA claims] as an asset in the bankruptcy proceeding, the first prong of our judicial estoppel test is satisfied." *Ajaka*, 453 F.3d at 1344; *see also Robinson*, 595 F.3d at 1275 ("By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against Tyson in the district court. These actions, both taken under oath, are clearly inconsistent."). The Court readily finds that Adams, Huff and Knight took inconsistent positions under oath in the bankruptcy proceeding and in this case.

As for the second factor (*i.e.*, whether said inconsistencies were calculated to make a mockery of the judicial system), the Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286. "[S]uch intent may be inferred from the record." *Robinson*, 595 F.3d at 1275. Thus, "[i]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* (citation omitted). Adams, Huff and Knight have not and cannot credibly disclaim knowledge of their FLSA claims against JMC Steel, given that they personally signed consent forms to join this litigation as plaintiffs. Yet they never have disclosed – or sought to amend their bankruptcy schedules to disclose – these claims in Bankruptcy Court, despite having many months to do so. Nor can these plaintiffs plausibly deny a motive for concealing their FLSA claims, given Eleventh Circuit authorities recognizing a debtor's direct

financial motive for doing so.[5] Because these three opt-in plaintiffs knew about the undisclosed claims and stood to benefit financially at their creditors' expense by concealing them, the Court infers from the record their intent to make a mockery of the judicial system. Simply put, Adams', Huff's and Knight's nondisclosure of their FLSA claims against JMC Steel in their bankruptcy schedules was not "inadvertent" as that term is used in the judicial estoppel context.

After careful consideration of the foregoing, as well as all other relevant facts and circumstances appearing in the record, the Court finds that principles of judicial estoppel preclude opt-in plaintiffs Eddie Adams, Gerald Jerome Huff and Joshua Keith Knight from pursuing their FLSA claims against JMC Steel in these proceedings. In the absence of explanatory or mitigating facts (which plaintiffs have not offered), the Court exercises its discretion to hold that Adams, Huff and Knight are **estopped** from pursuing their monetary claims in this action. JMC's Motion for Partial Summary Judgment is **granted** on this point.

### C. Other Opt-In Plaintiffs Whose Claims Should Be Dismissed.

The third and fourth categories of opt-in plaintiffs as to whom defendant seeks summary judgment may be dispatched quickly. Category three consists of those opt-in plaintiffs who never worked for JMC Steel at all. Specifically, defendant's evidence is that JMC Steel has no record that opt-in plaintiffs Demarious K. Dock, Damien McCaskey or Brooks Jackson, Jr., were ever employed by the company. (Buchanan Decl., ¶¶ 6, 8.) Far from contesting that evidence, plaintiffs' counsel indicates that Jackson, Jr. and McCaskey actually worked for the plant adjacent to JMC Steel and were paid by an entity called "Tuboscope," not JMC Steel; and that Dock worked for a temporary staffing service called Elwood Staffing, not JMC Steel. (Doc. 68, ¶¶ 4, 9, 10.) Summary judgment is appropriate as to these opt-in plaintiffs' claims because all evidence before the Court reflects that they never worked for defendant.

Finally, the fourth category of opt-in plaintiffs identified in the Motion for Partial Summary Judgment consists of one individual, Barry Hurd. Defendant presents competent

---

[5] *See, e.g., Robinson*, 595 F.3d at 1275-76 (debtor had motive to conceal claims because she could have settled those claims, kept the proceeds for herself, and denied creditors a fair opportunity to claim those funds); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1296 (11th Cir. 2003) ("Omitting the discrimination claims from the schedule of assets appeared to benefit her because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate.").

record evidence that Hurd worked zero hours for JMC Steel after January 1, 2014. (Buchanan Decl., ¶ 7 & Exh. 2.) Plaintiffs' counsel, having spoken to Hurd about this issue, does not dispute defendant's evidentiary showing. (Doc. 68, ¶ 8.) Because the conditionally certified class is limited to those JMC Steel employees who worked in excess of 40 hours in a work week after January 1, 2014, and because Hurd never worked any hours for JMC Steel after that date, he is not part of the class and is therefore ineligible to opt-in to this action. Defendant's Motion for Partial Summary Judgment will be **granted** as to opt-in plaintiff Hurd.

### III.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion for Partial Summary Judgment (doc. 64) is **granted**;
2. All claims asserted in this action by opt-in plaintiffs Freddie L. Andrews, Michael Dale Barnwell, Timothy Bates, Anthony G. Bettis, Joseph Boykins, Max D. Bryant, Keithen Campbell, Renada Coston, Travis Cowan, Kenric Dotson, Andrew Ezell, James Gates, John E. Hudson, Shante Hunt, Minnie L. Kimbrough, Joe H. Martin, Jr., Angela Scott, Frederick Steele, John Derrick Sullivan, Jarrett Taylor, Ivory J. Williams, Barry Hurd, Eddie Adams, Joshua Keith Knight and Gerald Jerome Huff are **dismissed with prejudice**;
3. All claims asserted in this action by opt-in plaintiffs Brooks M. Jackson, Sr., Brooks Jackson, Jr., Debra B. Thomas, Demarious K. Dock, Damien McCaskey, and Anthony Lett are **dismissed without prejudice**;[6] and
4. The claims of all remaining plaintiffs and opt-in plaintiffs will proceed in this matter. The Court understands that "the parties have reached a tentative settlement of the claims." (Doc. 63, ¶ 4.) Accordingly, the parties are **ordered** to file a joint motion for settlement approval, supported by authorities and evidence as appropriate to satisfy the *Lynn's Food* standard for judicial review of FLSA

---

[6] Plaintiffs' counsel specifically requested that these six opt-in plaintiffs' claims be dismissed without prejudice because counsel was unable to rule out the possibility that those individuals might be able to produce evidence in support of their claims against JMC Steel. Recognizing the challenges inherent in the relationship between class counsel and 250+ opt-in plaintiffs and in the interests of fairness to those six opt-ins, the Court grants that request.

-9-

settlements, on or before **March 8, 2017**, failing which this matter will be referred to Magistrate Judge Cassady for entry of an appropriate scheduling order.

DONE and ORDERED this 16th day of February, 2017.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE
